UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS RUBERT,

               Plaintiff,

-against-

DANIEL KING, *et al.*,

               Defendants.

19-CV-2781 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants created a hostile work environment and then fired him. By order dated April 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, who is detained at the Westchester County Jail, uses this Court's "Prisoner Complaint" form to raise claims arising out of his employment at a Walmart store in Monticello, New York ("Walmart"). He names as defendants Walmart; Daniel King, a security guard who worked at Walmart; Sam, Walmart store manager; and Carry, Walmart assistant manager. Plaintiff seeks money damages.

The following facts are taken from the complaint: from September 2016 to September 2017, King harassed Plaintiff. During the four-month period before the harassment commenced, from May 2016 to September 2016, King falsely alleged to Plaintiff's wife that Plaintiff was having an affair. In September 2016, Plaintiff learned about these false allegations and confronted King, who then called Plaintiff "a junkie [and a] spic." (Compl. at 4.)

Once King's yearlong harassment campaign commenced, King sent Plaintiff and Plaintiff's wife inappropriate text messages. Plaintiff informed Walmart management about the harassment and provided managers with the text messages. But Walmart management failed to act, and King continued to harass Plaintiff, "creat[ing] a hostile an[d] unbearable situation, eventually breaking up [his] marriage." (*Id.*) Management still failed to act.

Plaintiff and King eventually had "a confrontation" that resulted in Walmart management firing Plaintiff but not King.

Plaintiff claims that King violated company policy, and that management was aware of this violation, but did not enforce the policy.

**DISCUSSION**

**A.     Plaintiff fails to state a claim of employment discrimination under 42 U.S.C. § 1981**

The Court construes Plaintiff's claims as arising under 42 U.S.C. § 1981 because he asserts that (1) King called him a "spic"; (2) Walmart management ignored the hostile work

environment created by King, which included the use of the word "spic"; and (3) Walmart fired Plaintiff and not King after the two had a "confrontation."

To state a claim under § 1981, a plaintiff must allege that he "is a member of a racial minority," that the defendant discriminated against him because of his race, and the discrimination concerned one or more of the activities enumerated in the statute, such as making and enforcing a contract. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Hispanic ancestry qualifies as a racial minority under § 1981. *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 598 (2d Cir. 2016). And at-will employment is a "contractual relationship within the meaning of § 1981." *Lauture v. Int'l Bus. Machines Corp.*, 216 F.3d 258, 261 (2d Cir. 2000).

A § 1981 claim must be filed within four years of the discrimination. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).

Plaintiff's assertions, while suggesting that his race was a motivating factor for the alleged hostile workplace environment, are insufficient to state a claim under § 1981. Rather, the assertions – several of which involve personal matters unrelated to race – fail to suggest that Defendants' employment decisions were motivated by Plaintiff's race. For example, Plaintiff complains that Walmart failed to intervene in his dispute with King, but he does not allege that he informed Walmart that King called him a "spic" or otherwise harassed him because of his race. Nor does he allege that Walmart fired him because of his race; he asserts only that Walmart fired him, not King.

But because Plaintiff does raise the possibility that Defendants were motivated by his race, the Court grants him leave to amend his complaint to assert any facts that support his claim under § 1981.

**B.     Plaintiff fails to state a claim of employment discrimination under Title VII**

The Court also construes Plaintiff's claims as arising under Title VII of the Civil Rights Act of 1964.[1]

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Title VII prohibits employers from either mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At this stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color,

---

[1] At this stage, it is not clear whether Walmart employed King or whether King could be construed as Plaintiff's supervisor. But even if

> a harasser is not a supervisor, a plaintiff could still prevail by showing that his or her employer was negligent in failing to prevent harassment from taking place. Evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant.

*Vance v. Ball State Univ.*, 570 U.S. 421, 448-49 (2013).

4

religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff alleges that King used the term "spic" during an argument with Plaintiff regarding a personal matter and harassed him for one year. He also asserts that he notified Walmart management about the harassment, but that Walmart failed to act. What he does not allege, however, is that Walmart knew that the alleged hostile work environment was based on Plaintiff's race, color, or national origin, or that Walmart fired him because of his race, color, or national origin.

The Court grants Plaintiff leave to amend his complaint to assert facts suggesting that Walmart discriminated against him based on his race, color, or national origin.

**C.     Plaintiff fails to show that he exhausted his administrative remedies**

Plaintiff's Title VII claim may need to be dismissed because he did not exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC). Plaintiff is not required to exhaust his § 1981 claim with the EEOC.

Before a federal court may review a Title VII claim, a plaintiff must exhaust his administrative remedies with the EEOC by filing a charge of discrimination within 300 days of the adverse employment action. 29 U.S.C. § 626(d)(2); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328-29 (2d Cir. 1999). The filing of a timely charge with the EEOC and the EEOC's issuance of a notice of the right to sue are preconditions to the filing of a civil action in federal court within 90 days after receiving a notice of the right to sue. 29 U.S.C. § 626(e).

A civil action must be commenced within 90 days of receiving the notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1).

Exhaustion of administrative remedies is not jurisdictional and is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("Because [the] failure to exhaust [one's] administrative remedies is not a jurisdictional defect, it is subject to equitable defenses.").

Plaintiff does not indicate, and the complaint does not suggest, that he exhausted his administrative remedies with the EEOC. The Court therefore grants Plaintiff leave to amend his complaint to assert facts showing that he exhausted his administrative remedies. If he did not exhaust with the EEOC, he should assert facts stating why he did not do so.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims of employment discrimination under § 1981 and Title VII. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2781 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 30, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes    ☐ No

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial          Last Name

_____
Street Address

_____
County, City                          State               Zip Code

_____
Telephone Number                Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City          State          Zip Code

Defendant 2: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City          State          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City      State      Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City      State      Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name    Middle Initial | Last Name |
| Street Address | |
| County, City | State    Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007